No. 30,766.

E. L. Johnson, *Appellant*, v. A. M. Howard, *Appellee*.

(16 P. 2d 474.)

Opinion filed December 10, 1932.

*H. S. Rogers*, of Larned, and *A. L. Moffat*, of Kinsley, for the appellant.
*W. H. Vernon* and *J. S. Vernon*, both of Larned, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by a real-estate agent to recover commission for finding a buyer for a farm. Judgment was for defendant, and plaintiff appeals.

Howard resided at Excelsior Springs, Mo., and owned a farm in Pawnee county, Kansas, which was occupied by a tenant. Johnson

was a real-estate agent who resided at Kinsley, in Edwards county. On May 14, 1930, Johnson sent Howard the following telegram:

"Have cash offer seventeen thousand six hundred without crop. Want regular commission. Need quick reply."

Howard did not reply, and on May 23 Johnson sent Howard another telegram reading:

"If seventeen thousand six hundred cash will buy your farm without crop, send deed and abstract to the Kinsley bank and your approval of same. Buyer will assume loan on land and pay five thousand now, balance by August first, you to pay a commission. Please advise."

On May 24 Howard sent Johnson the following telegram:

"Will accept seventeen thousand three hundred net. We reserve crop."

On May 25 Johnson replied by telegram as follows:

"Send papers Kinsley bank. Offer accepted subject to approval abstract."

Howard's telegram of May 24 was not an acceptance of the terms proposed in Johnson's telegram of May 23. The price was not the same, and there was no reference to cash payment, deferred payment, or assumption of loan. There was no reference to forwarding deed and abstract, and Howard was not to pay a commission. Under the law, Howard's telegram embodied an offer to sell for $17,300 net cash, payable at Excelsior Springs. Time of delivery of possession was not specified in any of the telegrams, and the implication of law was that delivery of possession would accompany delivery of deed. No time for delivery of deed was fixed in any of the telegrams.

Johnson properly regarded Howard's telegram of May 24 as an offer, but Johnson's acceptance of the offer by telegram of May 25 was a qualified acceptance. Papers were to be sent to the Kinsley bank, and acceptance was subject to approval of abstract.

Howard supposed Johnson was buying the land, and Howard sent Johnson a form of contract to be signed. The terms of the proposed contract did not correspond with those contained in any telegram, and were not accepted. Johnson was in fact negotiating with Henry Bohl as a prospective purchaser, and Bohl caused a form of contract to be sent to Howard for execution. The proposed contract did not correspond with any telegram or with Howard's form. Bohl's form provided for possession to prepare the land for wheat sowing, any time after July 15, and for full possession on August 1. Bohl's form also provided for payment of $5,000 when title was

shown to be merchantable, and when the tenant agreed in writing to surrender possession as Bohl proposed; and for payment of remainder of purchase price on or before August 15.

No sale was consummated. The petition alleged Bohl was ready, willing and able to pay $17,600 for the land, and Johnson sued Howard for $300 with interest from May 25, 1930.

There was abundant evidence that Bohl would not buy unless he could get possession according to the terms of the contract which he submitted. No such terms were embodied in the original offer or acceptance, and Howard did not subsequently agree to sell on those terms. Bohl's form of contract was sent to Howard by Taylor, of Larned. The letter accompanying the proposed contract requested that the abstract be forwarded immediately to Taylor for extension. The president of the Kinsley bank testified he received the abstract from Taylor for delivery to Bohl, and wrote Bohl about the abstract. Bohl came in, but did not take the abstract, and the bank returned the abstract to Taylor. Bohl testified concerning his readiness, willingness and ability to buy. Evidently the jury did not credit Bohl's testimony, and the jury returned the following special findings of fact:

"Q. 1. Did the plaintiff find a buyer for said land at $17,600, $17,300 net to defendant, with current year crop reserved for defendant? A. No.

"Q. 3. Would the proposed purchaser have closed the contract for the purchase of said land, if he could have obtained a contract binding the defendant to give possession of the land by August 1, 1930? A. No."

With the special findings the jury returned a general verdict for Howard. No motion was made to set aside the special findings. The motion for new trial challenged the verdict as contrary to the evidence. The trial court denied the motion, and this court must assume Johnson failed to establish Bohl's readiness and willingness to purchase, by credible evidence. Whether the jury believed Bohl was able to purchase need not be discussed.

Johnson complains of an instruction given the jury relating to the subject of listing the land for sale. Whether the instruction should have been given is a matter of no importance now, in view of the special findings.

As indicated, there were negotiations concerning the closing of a sale subsequent to the time Johnson asserted he procured a purchaser. The court properly instructed the jury these negotiations could be considered only for the purpose of determining whether the

proposed purchaser was ready, willing and able to buy on the terms stated in the listing.

Under date of July 10 Howard wrote Bohl a letter inquiring if Bohl wanted the land, and inclosing copy of a letter from Howard to Johnson in which Howard indicated his attitude concerning the sale. This letter was admitted in evidence. Bohl's reply, dated July 11, justified himself, criticised Howard, and declared the deal was off. This letter was excluded. Both letters were inconsequential so far as the merits of the controversy were concerned, and neither ruling was prejudicially erroneous, if erroneous.

There is nothing else of importance in the case, and the judgment of the district court is affirmed.